Emanuel DABNEY; Tausha Dabney, Plaintiffs–Appellants

v.

COUNTRYWIDE HOME LOANS, INCORPORATED.; Litton Loan Servicing, L.P.; Decision One Mortgage Company, L.L.C., Defendants–Appellees.

No. 10–60653.

United States Court of Appeals, Fifth Circuit.

June 17, 2011.

Omar Lamont Nelson, Morgan & Morgan, Jackson, MS, for Plaintiffs–Appellants.

George Dewey Hembree, III, McGlinchey Stafford, P.L.L.C., Jackson, MS, William C. Reeves, Esq., Balch & Bingham, L.L.P., Jackson, MS, for Defendants–Appellees.

Before JOLLY and HAYNES, Circuit Judges, and RODRIGUEZ,[*] District Judge.

PER CURIAM: [**]

Emmanuel and Tasha Dabney (collectively, "the Dabneys") appeal the district court's grant of summary judgment to the defendants. For the reasons stated in the district court's written opinion and order, and for the reasons that we set forth below, we find no error and therefore AFFIRM.

### I.

#### A.

To succeed on their breach of contract claim, the Dabneys were required to show that (1) they had a "valid and binding contract" with Countrywide; (2) that Countrywide "has broken or breached it;" and (3) that they suffered monetary damages as a result of the breach. *Warwick v. Matheney*, 603 So.2d 330, 336 (Miss.1992). The deed constituted a valid and binding contract between the Dabneys and Countrywide, but the district court granted summary judgment to Countrywide on the ground that Countrywide had not breached it. On appeal, the Dabneys insist that Countrywide breached the deed in three ways.

First, they say that Countrywide failed to conduct a feasibility analysis be-

---

* District Judge of the Western District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

fore making the $16,372.80 disbursement. Even if we assume for the sake of argument that Countrywide was contractually required to evaluate feasibility, the Dabneys' argument is without merit. Balboa's adjuster determined that a rebuild was feasible, and the Dabneys have not identified any contractual provision that obligated Countrywide to conduct a feasibility analysis *independent* from Balboa's. The contract provides in relevant part: "Unless Lender and Borrower otherwise agree ... any insurance proceeds ... shall be applied to restoration or repair of the Property if ... economically feasible." This provision was not violated. Countrywide, relying on Balboa's report, determined that a rebuild was feasible, and the Dabneys elected to rebuild.

■ The Dabneys's second argument is that Countrywide was contractually obligated to disburse all of the insurance proceeds once it deemed rebuilding feasible. A review of the deed demonstrates the fallacy of this argument. The deed authorized Countrywide to "disburse proceeds for the repairs and restoration ... in a series of progress payments as the work is completed[;]" it further authorized Countrywide to withhold the "insurance proceeds until" Countrywide had been afforded "an opportunity to inspect ... to ensure that the work has been completed...." After the Dabneys asked Countrywide to disburse additional funds, Countrywide conducted an inspection that revealed that only fifteen percent of the necessary work had been performed, even though roughly thirty-three percent of the funds had been disbursed. Countrywide, when faced with this abject deficiency, was fully justified in refusing to disburse additional proceeds.

■ Finally, the Dabneys contend that Countrywide breached the deed by failing to apply the insurance funds to the outstanding balance that they owed on the note. They contend that Mrs. Dabney asked that the funds be so applied, and was told that she would first have to repay the initial $16,372.80 disbursement. This argument was not presented to the district court, and we therefore decline to consider it. *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 331 (5th Cir. 1994).

**B.**

Under Mississippi law, "[a] mortgagor is entitled to recover damages for a wrongful or fraudulent foreclosure of the mortgage, as where an unlawful foreclosure is attempted solely from a malicious desire to injure the mortgagor; or he may recover damages where the foreclosure is conducted negligently or in bad faith, to his detriment." *Nat'l Mortg. Co. v. Williams*, 357 So.2d 934, 935–936 (Miss.1978).

The Dabneys argue that Litton, the service provider for the loan, conducted the foreclosure of their property negligently and in bad faith. They say that Litton failed to inform them that it had received the remaining insurance proceeds—amounting to $30,434.20—from Countrywide and failed to immediately apply those proceeds to the loan balance. Their argument is that applying this $30,434.20 to the note would have easily cured their $3,325.36 default.

■ Summary judgment was properly granted on this claim. The deed explicitly provides that "[a]ny application of ... insurance proceeds ... to principal due ... shall not extend or postpone the due date, or change the amount, of the Periodic Payments." This language makes clear that applying the insurance proceeds to the note would not have cured the default. Furthermore, the record demonstrates that Litton gave the Dabneys proper notice of the pending foreclosure, and that the Dabneys refused to cure the default. Because there is no evidence that the fore-

closure was conducted negligently or in bad faith, summary judgment was appropriate on this claim.

## II.

We sum up: Emmanuel and Tasha Dabney appeal the district court's grant of summary judgment to defendants Countrywide Home Services and Litton Loan Servicing. The Dabneys argue that the record contains material facts that support their breach of contract claim against Countrywide and their wrongful foreclosure claim against Litton. As we have explained, the Dabneys have identified no contractual provisions that were breached by Countrywide, nor have they presented any evidence that Litton conducted the foreclosure negligently or in bad faith. The judgment of the district court is, therefore, in all respects

**AFFIRMED.**

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.